# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-03-00547-CR

**Paul Ray, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT
NO. 2031806, HONORABLE MICHAEL J. MCCORMICK, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

A jury found appellant Paul Ray guilty of possessing less than one gram of cocaine. *See* Tex. Health & Safety Code Ann. § 481.115 (West 2003). The court assessed punishment, enhanced by previous felony convictions, at five years' imprisonment. Appellant's only point of error challenges the legal sufficiency of the evidence. We will affirm the conviction.

Appellant was the driver of a truck that had been linked to a burglary by witnesses. Austin police spotted the truck stopped on a street in the northeast section of the city. Officer Leonardo Quintana parked his patrol car in front of appellant's truck and turned on his emergency lights. There was a man in the truck with appellant, and another man was standing beside the vehicle on the passenger side. Having been advised that the burglary suspects were armed, Quintana drew his service weapon and ordered the three men to put their hands in the air. The passenger and the

man standing beside the truck complied with this order, but appellant did not. Instead, he climbed out of the truck through the side window, put his right hand in his pocket, and began to step sideways as if to run away. When two other officers arrived, appellant took his right hand from his pocket. Quintana testified that appellant's right fist was "balled up." The officer saw appellant "motion[ ] towards the ground" and "saw something fly out" of appellant's hand. Quintana said the area was well-lighted and that he saw exactly where the object thrown by appellant had landed.

Appellant was taken into custody by one of the backup officers, Brian Babyak, while Quintana attended to the other two men. Babyak testified that as he was handcuffing appellant, Quintana told him that he had seen appellant throw something on the ground. Babyak looked at a grassy area indicated by Quintana and saw a crumpled dollar bill. Quintana picked up the bill and found a rock of crack cocaine wrapped inside it. The subsequent chain of custody is not in dispute, and appellant does not deny that the substance found was contraband.

Both officers testified that appellant was the only one of the three suspects who was in a position to have dropped or thrown the crumpled bill in the spot where it was found. Babyak testified that there was "different types of litter" in that area, but both he and Quintana testified that it was very unusual to find money or drugs lying on the ground. During cross-examination, Babyak agreed that the location where this incident took place was a "high drug use area."

In a legal sufficiency review, we examine all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979); *Griffin*

2

*v. State*, 614 S.W.2d 155, 158-59 (Tex. Crim. App. 1981). In a drug-possession case, the defendant must be affirmatively linked to the contraband; that is, the evidence must show that he knowingly or intentionally possessed the forbidden substance. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995).

Appellant argues that the evidence in this cause is legally insufficient because neither Quintana nor Babyak affirmatively linked him to the cocaine they found lying on the ground. Appellant notes that Quintana testified that he saw "something small" leave appellant's hand, but that he did not at that moment know what it was. He also points to the evidence that this incident took place in an area known for drug use and that other litter was scattered on the ground where the cocaine was found. Appellant suggests that he might have thrown away something other than the contraband.

Appellant's argument does not take into consideration Quintana's testimony that he saw exactly where the object thrown by appellant landed, and that the crumpled bill containing the cocaine was found in that spot. He also ignores the officer's positive identification of the crumpled bill as the object he saw appellant throw. Finally, there is evidence that appellant displayed symptoms of intoxication following his arrest. Quintana testified that appellant "couldn't complete sentences," was "swaying from side to side," and appeared to be "under the influence of some type of narcotics." Viewing all the evidence in the light most favorable to the verdict, we hold that appellant was affirmatively linked to the contraband. A rational trier of fact could find beyond a reasonable doubt that appellant intentionally or knowingly possessed cocaine.

3

The point of error is overruled and the judgment of conviction is affirmed.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   October 14, 2004

Do Not Publish

4